UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Gay

    v.                              Civil No. 17-cv-306-JL

Warden, Northern New Hampshire
Correctional Facility[1]

**REPORT AND RECOMMENDATION**

    Before the court is pro se petitioner Christopher Gay's petition for writ of habeas corpus (Doc. No. 1) seeking relief under 28 U.S.C. § 2254. The petition is here for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4).

    Also before the court is Gay's motion (Doc. No. 4) seeking leave to withdraw the § 2254 petition without prejudice, so that he can litigate his claims in state court before refiling the petition in this court. That motion (Doc. No. 4) is also addressed in this Report and Recommendation.

---

    [1]Gay's custodian -- the proper respondent in this action -- is the warden of the Northern New Hampshire Correctional Facility. The clerk's office is directed to update the docket accordingly.

## Background[2]

Ryan Stewart was stabbed and robbed on January 21, 2012, in an apartment near the Farmington Police Department ("FPD"). First responders answering a 911 call found Stewart outside his apartment, bleeding from stab wounds, from which he later died.

A bloodhound led police officers down the street to Christopher Gay's apartment building. Police officers, having determined Gay was a suspect, interviewed him in his driveway. The next day, while preparing to search Gay's residence pursuant to a warrant, officers stopped a car in which Gay was a passenger, and took Gay to the FPD where they questioned him. Police officers obtained additional warrants, authorizing an examination of Gay's body and a search of the car in which he had been a passenger. In addition, at the FPD, police officers took and searched the clothing Gay had been wearing, without a warrant. The searches of the car, Gay's body, and the residence recovered inculpatory evidence introduced at Gay's trial.

Gay and a co-defendant, Cory Bennett, were indicted in 2012 on multiple charges relating to Stewart's death. See, e.g.,

---

[2]Except as otherwise indicated, the facts recounted below are derived from the facts asserted in the petition (Doc. No. 1), or stated in State v. Gay, 169 N.H. 232, 145 A.3d 1066 (2016).

State v. Gay, No. 219-2012-cr-53 (N.H. Super. Ct., Strafford Cty.) ("Superior Court Case"). Bennett pleaded guilty and agreed to testify against Gay. Gay maintained his innocence and went to trial. The Superior Court issued a number of pretrial evidentiary rulings on motions in limine and on motions to suppress.[3]

Following a trial in October 2014, a jury found Gay guilty of both conspiracy to commit robbery and second degree murder. In February 2015, the Superior Court sentenced Gay to 40 years to life on the second degree murder charge, with the first ten years of the minimum sentence suspended, and to a concurrent sentence of 7½ to 15 years on the conspiracy to commit robbery charge. The New Hampshire Supreme Court ("NHSC") affirmed Gay's conviction and sentence in July 2016. See State v. Gay, 169 N.H. 232, 145 A.3d 1066 (2016). Gay, who is incarcerated at the Northern New Hampshire Correctional Facility, did not file any other post-conviction proceedings in the state courts before filing his § 2254 petition in this court in July 2017.

---

[3]See, e.g., State v. Gay, No. 219-2012-cr-53 (N.H. Super. Ct., Strafford Cty.), Nov. 18, 2013 slip op. at 33-34, https://www.courts.state.nh.us/supreme/ebriefs/2015/20150174_defendantbrief.pdf (last visited Oct. 19, 2017).

## Claims

Construed liberally, the § 2254 petition (Doc. No. 1) asserts the following federal claims for relief:

1. Gay's conviction was obtained in violation of his Fifth Amendment right against self-incrimination, in that, on January 21, 2012, police officers effectively arrested and interrogated Gay in his driveway, and the trial court did not exclude statements derived from that encounter, although Gay had not been given a <u>Miranda</u> warning.

2. Gay's conviction was obtained in violation of his Fourteenth Amendment right to due process, in that:

   a. The trial judge did not exclude expert testimony of a state investigator, based on her "perceptual judgment" regarding shoeprints, which had not been corroborated by an independent examiner, resulting in a denial of fundamental fairness at trial; and

   b. DNA evidence was not excluded, although the blood sample from which that evidence had been derived had not been properly labeled before it reached the state crime lab, causing a break in the chain of custody, resulting in a denial of fundamental fairness at trial.

3. Gay's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of trial counsel, in that:

   a. Trial counsel did not call any of Bennett's cellmates, who would have testified that Bennett had exonerated Gay as an accomplice, as witnesses;

   b. Trial counsel did not object to the admission of DNA evidence, based on a break in the chain of custody of the blood specimens from which the DNA evidence was derived; and

   c. Trial counsel did not file a pretrial motion seeking exclusion of, object at trial to the admission

   of, or otherwise seek to exclude or suppress evidence derived from the warrantless search of, Gay's clothes at the FPD on January 22, 2012.

4. Gay's Fourth Amendment rights were violated when officers (a) detained him in his driveway on January 21, 2012; (b) searched his residence pursuant to a warrant unsupported by probable cause on January 22, 2012; and (c) seized and searched his clothes without probable cause, exigent circumstances, and/or a warrant on January 22, 2012, and evidence derived from those incidents was not excluded at Gay's trial.

## Discussion

### I. § 2254 Preliminary Review

#### A. Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states claims that are cognizable in a § 2254 petition. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

#### B. Exhaustion, Time-Bar & Motion to Withdraw (Doc. No. 4)

##### 1. Exhaustion Standard

To be eligible for federal habeas relief, a petitioner must show that he has exhausted all remedies in the state courts that are available for each of his federal claims, and effective to

5

protect his federal rights.  See 28 U.S.C. § 2254(b)(1).  A petitioner's remedies are not exhausted in New Hampshire until the NHSC has had an opportunity to consider each federal claim upon which he or she seeks relief under § 2254.  Cf. Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) ("In order to exhaust a claim, the petitioner must . . . show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." (internal quotation marks and citation omitted)).

Gay has not exhausted his state remedies as to Claim 3, his Sixth Amendment ineffective assistance of counsel claims, and the record before this court does not demonstrate that he has exhausted all of his state remedies as to the remaining claims in the petition.  In the filing entitled, "Petition to Withdraw Habeas Corpus" (Doc. No. 4), Gay states his intention to return to the state courts to exhaust his remedies there, and then to return to the federal court as necessary once he has exhausted his state remedies.

A federal district court confronting a petition like Gay's containing one or more unexhausted claims has the option of dismissing the petition in its entirety, or staying and holding

the petition in abeyance if there is good cause to do so, while the petitioner returns to state court to exhaust his state remedies on the unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 274-75 (2005).  In the alternative, a petitioner may amend a petition to delete the unexhausted claims, rather than exhausting his state remedies as to those claims, see id. at 278, although in doing so, the petitioner risks losing the opportunity to seek relief on the deleted claims in any future § 2254 petition, pursuant to 28 U.S.C. § 2244(b).

Although Gay has filed a motion seeking leave to withdraw his § 2254 petition without prejudice to his ability to refile a petition after he has exhausted his state remedies, the one-year statute of limitations for § 2254 petitions, applied to Gay, would likely prevent Gay from obtaining any federal review of his claims in a future § 2254 petition.  See Rhines, 544 U.S. at 275 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the [one-year] limitations period has expired, this will likely mean the termination of any federal review." (citation omitted)).  Therefore, the motion to withdraw the petition should be denied, to preserve Gay's ability to obtain federal habeas review in the future.

The court further finds there is good cause to stay Gay's § 2254 petition to allow him to exhaust state remedies.  The petition includes one or more claims that may have merit, and nothing before the court suggests that Gay has engaged in any dilatory tactics.  Accordingly, the district court should first deny the motion to withdraw the § 2254 petition (Doc. No. 4), and then stay the underlying petition, subject to the conditions set forth in the Conclusion of this Report and Recommendation.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge approve this Report and Recommendation and, in doing so, issue an Order providing, as follows:

    1.   The motion to withdraw the petition (Doc. No. 4) is denied, without prejudice to Gay's ability to file an amended petition, at a later stage of this case after the stay is lifted.  Gay may contact the clerk's office in the future to request a copy of a blank form petition, e.g., http://www.uscourts.gov/sites/default/files/AO 241 0.pdf, which he may use in preparing an amended petition.

    2.   The court stays this action to give Gay an opportunity to exhaust state remedies, subject to the

following conditions:

    A.   Gay must initiate state court proceedings to challenge his conviction and/or sentence, within sixty days of the date of the Order approving the October 2017 Report and Recommendation.

    B.   Every ninety days, beginning ninety days from the date of the Order approving the October 2017 Report and Recommendation, Gay must notify this court, in writing, of the status of all pending state proceedings he has filed to challenge his state conviction and/or sentence, including any appeal Gay may file in the New Hampshire Supreme Court ("NHSC") relating to those state proceedings.

    C.   No later than thirty days after the NHSC issues a final decision in all of Gay's state proceedings, Gay must file a motion to lift the stay in this case, including the following exhibits, for the purpose of demonstrating that he has exhausted all available and effective state remedies on each claim upon which he seeks relief in the § 2254 petition:

        i.   The NHSC decision in each appeal addressing any claim upon which Gay seeks federal habeas relief;

      ii. The notice(s) of appeal filed in the NHSC, on Gay's state habeas petition or motion for a new trial, including attachments or appendices to the notice of appeal; and

      iii. All Superior Court orders and NHSC orders and any briefs or motions that are part of the record of any NHSC appeal or petition, which show that Gay has exhausted his state remedies on all claims upon which he seeks federal habeas relief.

3. Gay's failure to comply with the foregoing conditions may result in the lifting of the stay and dismissal of the § 2254 petition without prejudice, for failure to exhaust all of the federal claims in the § 2254 habeas petition, or for failure to prosecute.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                          _/s/ Andrea K. Johnstone_
                                            Andrea K. Johnstone
                                            United States Magistrate Judge

October 31, 2017
cc: Christopher Gay, pro se